IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02636-RPM-KMT

**JUSTIN HANDLIN and
LYNNE HANDLIN,**

    **Plaintiffs,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**

    **Defendant.**

---

## STIPULATED PROTECTIVE ORDER

---

Because disclosures and discovery in this action involves or may involve the disclosure of documents, material, and information potentially entitled to protection under Fed. R. Civ. P. 26(c), including but not limited to confidential and/or sealed information of the parties, and pursuant to that rule,

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all documents, material, and information disclosed by the parties in the course of disclosures and discovery in this action that any party may deem to be potentially entitled to protection under Fed. R. Civ. P. 26(c):

    1.    <u>Definitions.</u>

(a)    "Confidential Material" shall mean all documents, material, and information entitled to protection under Fed. R. Civ. P. 26(c) and designated pursuant to paragraph 2 hereof, including, but not limited to, disclosures, disclosure documents, interrogatory answers,

1

        documents produced during discovery by any party or third-party in this action, whether produced voluntarily, in response to an informal request, pursuant to C.R.C.P. 26(c) or in response to a formal discovery request, pursuant to the order of a court of competent jurisdiction, deposition testimony and/or transcripts, or subpoena duces tecum, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

(b)    "Requesting Party" shall mean any party requesting documents or information pursuant to Fed. R. Civ. P. 26(c), conducting a deposition pursuant to Fed. R. Civ. P. 30 or 31, propounding interrogatories pursuant to Fed. R. Civ. P. 33, requesting the production of documents pursuant to Fed. R. Civ. P. 34, or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

(c)    "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded in this action.

    2.    <u>Designation of Information Produced in Disclosures or Discovery as "Confidential Material."</u> Any document related to any corresponding criminal investigation, lawsuit, or inquiry, including notes, reports, correspondence, photographs, sealed files, or pleadings, if any such documents exist, will be deemed "Confidential" and treated as such by all parties to this action, regardless of Requesting Party or Producing Party. In addition, in exchanging disclosures or responding to discovery propounded herein, any party may designate any document, material, or information produced by it as "Confidential Material." In the case of documents, such designation shall be made by stamping the phrase "Confidential" if the document is "Confidential Material" on all pages of any document so designated, in a conspicuous place. In the case of deposition testimony, such designation shall be made by

identifying on the record those portions of the transcript designated as Confidential Material. Machine readable media and other non-documentary material shall be designated as Confidential Material by some suitable and conspicuous means, given the form of the particular embodiment. Inadvertent failure to designate materials as "Confidential" or "Restricted Confidential" at the time of production may be remedied at any time thereafter by supplemental written notice. The designation of material as Confidential Material, in the manner described hereunder, shall constitute a certification by the attorney making such designation that he or she in good faith believes the material to be entitled to protection under Fed. R. Civ. P. 26(c).

3. <u>Challenges to Designation of Information Produced in Discovery as "Confidential Material."</u> Any party desiring to challenge a designation of Confidential Material under this paragraph may do so by contacting counsel for the designating party in writing and attempting to resolve any dispute by mutual agreement. In the event that the parties cannot resolve their dispute as to such designation of allegedly confidential material, the Requesting Party may file a motion to compel. The alleged confidential material in dispute will be preserved as confidential until otherwise ordered by the Court.

4. <u>Treatment of Confidential Material</u>. All documents, material, and information designated as Confidential Material under paragraph 2 shall be treated in accordance with the provisions of this Order until such designation has been released by the party making it or by order of the Court. Confidential Material may be treated as such indefinitely.

5. <u>Disclosure of Confidential Material</u>. Except as set forth herein, neither the contents nor the substance of Confidential Material may be disclosed to anyone other than the parties, the law firms who represent the parties, and expert consultants who assist the law firms

in their analysis of the evidence and presentation of the case.

6. <u>Disclosure of Confidential Material to Outside Experts or Consultants</u>. Upon the good faith determination by an attorney representing a party that he needs to consult experts or consultants who have been retained for the purpose of this proceeding with respect to particular Confidential Material, regardless of whether the Confidential Material was produced and designated as such by the party represented by that attorney or by an opposing party, such documents may be disclosed to such persons provided, that prior to disclosure of any Confidential Material to such person, such person shall sign a Statement Regarding Confidentiality in the form attached hereto as Exhibit A, stating the signatory's full name, address, and present employer, and acknowledging his or her understanding of the terms of this Stipulated Protective Order and his or her agreement to be bound by its terms. Each such signed statement shall be retained by the attorney disclosing any Confidential Material pursuant to this paragraph 6.

7. <u>Use of Confidential Material</u>. Any person who receives or is afforded access to any Confidential Material pursuant to the provisions of this Stipulated Protective Order shall neither use nor disclose said Confidential Material for any purpose other than the purposes of preparation for and conduct of this proceeding, and then solely as contemplated herein. Furthermore, such person shall take all reasonable precautions to maintain its confidentiality.

8. <u>Filing Under Seal With the Court</u>. If any disclosures, transcripts of depositions, answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Material subject to this Order or summarize material from such documents, the party causing the Confidential Material to be filed shall file it in appropriate folders that are sealed and endorsed with the legend: "Confidential -- Filed Under

Seal -- Not to be Opened Except by Authority of the Court."

9. Deposition Testimony. Information disclosed at depositions taken in the Action may be designated as Confidential Material by the party disclosing such information by indicating on the record at the deposition that the testimony contains Confidential Material or by providing written notice to opposing counsel of the intent to designate such information as confidential within ten (10) days of receiving the transcript of the deposition. The designated testimony shall be marked as confidential and sealed by the court reporter and treated as Confidential Material under the terms of this Order.

10. Duty of Counsel. Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of Confidential Material may be made pursuant to this Order, of the terms of this Order and their obligations thereunder.

11. Retention of Privilege. Nothing herein shall in any respect constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

12. Scope of Fed. R. Civ. P. 26. Nothing contained herein is intended to broaden the scope of information that would be entitled to protection under Fed. R. Civ. P. 26(c).

13. Modification. Each party reserves the right to move to modify the terms of this Stipulated Protective Order.

14. Retained Jurisdiction. The Court retains jurisdiction subsequent to settlement or

entry of judgment to enforce the terms of this Order.

15. <u>Termination of Action</u>. Within thirty (30) days of termination of this action, including all appeals, on written request of counsel for Producing Party, counsel for parties in possession of Confidential Material shall cause all such Confidential Material produced in this action by an opposing party, including copies, extracts and summaries, to be destroyed or returned to counsel for the Producing Party. On written request, Counsel for the Requesting Party shall certify to the Producing Party in writing that it has fulfilled the obligations imposed by this paragraph.

DATED this 28th day of March, 2011.

BY THE COURT:

*[signature]*
United States District Judge

THE FOREGOING PROTECTIVE ORDER IS STIPULATED AND AGREED TO THIS 25th DAY OF MARCH 2011, BY THE UNDERSIGNED COUNSEL FOR THE PARTIES:

OGBORN SUMMERLIN & OGBORN, LLC

*s/ Mike Ogborn*

---

Michael J. Ogborn, Atty. Reg. No. 20932
Michael P. Cross, Atty. Reg. No. 38294
1700 Broadway, Suite 1900
Denver, Colorado 80290
Telephone: (303)861-7472
*Attorneys for Plaintiffs*


ROTHGERBER JOHNSON & LYONS, LLP

*s/ Troy R. Olsen*

---

Brian J. Spano, Esq.
Troy R. Olsen, Esq.
1200 Seventh Street, Suite 3000
Denver, Colorado 80202-5855
Telephone: (303) 623-9000
*Attorneys for Defendant*

# EXHIBIT A

## AFFIDAVIT

_____ swears and affirms and states under penalty of perjury:

1. I have read the Stipulated Protective Order in *Justin Handlin, et al. v. Liberty Mutual Insurance Company*, Civil Action No. 10-cv-02636-RPM-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____ counsel for _____, that the information, documents, data studies, tangible things, writings and other matters being shown or provided to me as contained in the list attached to this Affidavit and marked as "confidential" contain information that has been designated Confidential Material, as defined in the Stipulated Protective Order.

3. I hereby represent that I have not divulged, and will not divulge, or undertake to divulge, any Confidential Material except as authorized in the Confidentiality Stipulation. I further represent that I will not use any Confidential Discovery Material for any purposes other than in this action, and that, at the termination of the Litigation, I will return all Confidential Materials with which I have been provided, including any and all copies, to the counsel from whom I received such Confidential Materials.

4. I hereby agree to abide by the terms of the Stipulated Protective Order.

5. For the purposes of enforcing the terms of the Stipulated Protective Order, I hereby submit to the jurisdiction of the court in the above-referenced civil action.

6. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any confidential information shown or told to me except as authorized in this Protective Order. I will not use the confidential information for any purpose other than this litigation.

7. By signing this Affidavit, I agree that I will abide by all of the terms contained within the above-referenced Protective Order.

Dated: _____   _____

Printed Name: _____

Address: _____

_____

Telephone Number: _____